IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES H. LEWIS,

                Petitioner,

    v.
                                               CASE NO.  16-3061-SAC

DERRICK SCHMIDT,
Attorney General,
State of Kansas, et al.,

                Respondents.

**ORDER TO SHOW CAUSE TO PETITIONER**

This is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2254 by a state inmate.[1]  Having examined the materials filed and available state court records, the court finds that petitioner failed to timely file his federal petition and has not exhausted state court remedies on the claims raised in his petition.  Petitioner is given time to show good cause why this action should not be dismissed for these reasons.

**I. Legal Standards**

    **A.  Screening**

Rule 4 of the Rules Governing Section 2254 Cases, 28 U.S.C.A. foll. § 2254 (HC Rule 4), requires the court to review a habeas petition upon filing and to sua sponte dismiss the

---

[1] The court has considered petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 3) and denies this motion as moot because petitioner paid the filing fee.

1

petition without ordering a responsive pleading under certain circumstances:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

HC Rule 4; see also *Mayle v. Felix*, 545 U.S. 644, 655 (2005); *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### B. Statute of Limitations

The statute of limitations for filing a federal habeas corpus petition is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The "limitation period shall run from" the "latest of" four dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The statute also provides for tolling of the limitations period during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim."  28 U.S.C. § 2244(d)(2).

### C. Exhaustion

Generally, federal habeas corpus relief is not available to a state prisoner unless he exhausted all state court remedies on

2

his claims before he filed his federal petition. 28 U.S.C. § 2254(b)(1)(A);[2] see also *Wainwright v. Sykes*, 433 U.S. 72, 80-81 (1977). "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)("States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."). It is the petitioner's burden to prove that he fully exhausted all state court remedies prior to filing his federal petition. Generally, the exhaustion prerequisite is not satisfied unless all claims being asserted were presented by "invoking one complete round of the State's established appellate review process." *Id*. at 845. This means that each claim must have been "properly presented" as a federal constitutional issue "to the highest state court, either by direct review of the conviction or in a (state) post-conviction

---

[2]   28 U.S.C. § 2254(b)(1) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). It has long been established that a Section 2254 petition containing federal claims that have not been exhausted must be dismissed. See *Rose v. Lundy*, 455 U.S. 509, 513-20 (1982).

## II.  Procedural History

Petitioner seeks to challenge his Kansas convictions. In 2007, he was convicted upon trial by jury in the Leavenworth County District Court of aggravated burglary, theft, fleeing and eluding,[3] and possession of paraphernalia. On January 13, 2008, petitioner was sentenced to 130 months in prison. He appealed to the Kansas Court of Appeals (KCA),[4] which affirmed on August 28, 2009. See *State v. Lewis*, 214 P.3d 1225, 2009 WL 2762462 (Kan.App. 2009). The Kansas Supreme Court (KSC) denied his Petition for Review on January 8, 2010.[5]

---

[3]  On direct appeal, petitioner's reckless driving conviction found to be multiplicitous with this offense and was reversed and vacated.

[4]  According to the KCA, petitioner claimed on direct appeal (1) that reckless driving and fleeing and eluding convictions were multiplicitous, (2) that the court's instruction regarding presumption of innocence was erroneous and (3) that the court used his criminal history to enhance his sentence without requiring the State to prove the history to the jury in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[5]  When asked in his form petition if he filed a petition for certiorari in the United States Supreme Court, petitioner marked "yes". However, there is no indication in the record that he filed such a petition and he does not provide a file date, a result or a date of result. If petitioner can show that he filed such a petition and provide the date of result, additional tolling could be allowed until the date on which the U.S. Supreme Court resolved his petition. However, petitioner filed a Petition for Review in the Kansas Supreme Court and has probably confused the two.

Petitioner's conviction became "final" as that term is used in 28 U.S.C. § 2244(d), three months later on April 8, 2010. The statute of limitations began to run the following day and ran for 274 days through January 6, 2011, before it was tolled.

On January 7, 2011, petitioner filed a motion for habeas corpus relief under K.S.A. 60-1507 in the state trial court, which had a tolling effect. He claimed ineffective assistance of trial counsel and appellate counsel.[6] The trial court summarily denied his petition. Lewis appealed to the KCA asserting that the court erred in failing to grant him an evidentiary hearing on his claims. The KCA disagreed and affirmed on February 15, 2013. See *Lewis v. State*, 294 P.3d 362, 2013 WL 646495 (Kan.App. 2013).[7] Mr. Lewis had 30 days or until March 17, 2013, in which to file a Petition for Review in the KSC. However, the Kansas Appellate Courts docket for App. Case No. 108058 indicates that he did not file a petition for review in these collateral proceedings.

---

[6] He claimed that trial counsel was ineffective for failing to raise and request an instruction on a compulsion defense and that appellate counsel was ineffective for failing to raise the issue of trial counsel's ineffectiveness on those grounds.

[7] The KCA noted that "the trial court arguably erred when it summarily dismissed Lewis' ineffective assistance of counsel claims" without a hearing; but held "on the other hand, there seems to be evidence that Lewis was not entitled to invoke a compulsion or duress defense, because "the record conclusively showed that the compulsion or duress defense did not apply" since he claimed that his cousin, not himself or a more immediate family member, was threatened.

5

The statute of limitations began running again on March 18, 2013, because petitioner's application for state post-conviction relief was no longer pending. At that time, 91 days remained in the 365-day time period. The time continued to run unimpeded until the deadline expired on June 17, 2013. Petitioner may have mailed the instant federal petition as early as February 24, 2016. It was filed on March 11, 2016. Whichever file date is used, this federal petition was not filed until more than 32 months after the statute of limitations expired.

This court is asked to issue an order rescinding the judgment of the state court.

**III. Discussion**

The court has examined the instant petition under HC Rule 4 and finds, based on the procedural history and legal standards set forth above, that this application was not filed within the applicable one-year statute of limitations. As noted, petitioner's convictions "became final" for limitations purposes on April 8, 2010.[8] The statute of limitations began running the next day and ran for 274 days before petitioner filed his first tolling-type state motion. His 60-1507 motion was no longer

---

[8] As noted, the Kansas Supreme Court denied Mr. Lewis' Petition for Review on January 8, 2010. He then had 90 days in which to file a petition for certiorari in the United States Supreme Court. Because the record indicates that he did not file a cert petition, his convictions became final when that ninety-day time limit expired on April 8, 2010. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

pending and the limitations period began to run again on March 18, 2013. It then ran without interruption for 91 days and expired on June 17, 2013. Based on these facts, the court finds that this federal petition was filed over 28 months late.

Unless Mr. Lewis can show that he is entitled to additional statutory or equitable tolling,[9] this action must be dismissed under § 2244(d). A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); see *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied,* 531 U.S. 1194 (2001)(Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."). In the habeas corpus context, equitable tolling has been limited to "rare and exceptional circumstances." *Gibson v. Klinger,* 232 F.3d 799, 800 (10th Cir. 2000). The Tenth Circuit has stated that equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstance--prevents a prisoner from

---

[9] In response to the question on timeliness in his petition, Mr. Lewis states that he "has sought additional and various procedures . . . in regards to his knowledge of such laws or rules of the courts." These vague, conclusory statements are not sufficient to entitlement to any additional tolling.

7

timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id.* (internal citations omitted); *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). Complaints about unfamiliarity with the legal process and illiteracy have been found to provide no basis for equitable tolling. *See Hallcy v. Milyard*, 387 Fed. Appx. 858 (10th Cir. 2010)(professed ignorance of the law is not enough to justify the extraordinary remedy of equitable tolling); *Yang v. Archuleta*, 525 F.3d 925, 929 (10th Cir. 2008)("Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs.")(quoting *Wallace v. Kato*, 549 U.S. 384, 396 (2007)). Moreover, ignorance of the law generally and of the AEDPA time limit in particular will not excuse untimely filing, even for an incarcerated pro se prisoner. *Marsh*, 223 F.3d at 1220; *Miller*, 141 F.3d at 978; *Gibson*, 232 F.3d at 808; *see Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995)( a petitioner's assertions that "he is not a lawyer and he was unaware of [a] statute's existence are insufficient as a matter of law to constitute 'cause'" to surmount a habeas procedural bar). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

Furthermore, even if Mr. Lewis can show an entitlement to additional tolling, this petition is also subject to dismissal

because the record indicates that he has not exhausted state court remedies on the claims raised in his federal petition. As Ground (1) in his petition, Mr. Lewis claims that the complaint or charging document was defective as to the elements of the burglary offense. As Grounds (2) and (4), he claims erroneous district court procedures. He alleges in support coercion and that motion hearings were scheduled only to protect appointed counsel's license against disbarment (2), and that unspecified records were not forwarded and were intentionally hidden (4). As Ground (3), petitioner claims prosecutorial misconduct due to a remark during opening statement. Petitioner's four grounds for relief are unclear, and the sparse facts alleged in support are vague and conclusory at best. Nonetheless, it is very clear that these claims are not the same as the claims of ineffective assistance of counsel, instructional error, *Apprendi* violation, and denial of evidentiary hearing that petitioner raised on direct and collateral appeal.

Petitioner is given time to show cause in writing why this petition for writ of habeas corpus should not be dismissed for the reasons stated herein. If he fails to respond within the prescribed time, this action may be dismissed without further notice.

9

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is denied as moot.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to show good cause, in writing, why this federal habeas corpus petition should not be dismissed as time barred under 28 U.S.C. § 2244(d)(1) and for failure to exhaust state remedies on his claims.

**IT IS SO ORDERED.**

**Dated this 6th day of July, 2016, at Topeka, Kansas.**

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**